UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES TINGLER, | ) | CASE NO. 3:25-cv-00194 |
| | ) | |
| Petitioner, | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| | ) | |
| v. | ) | |
| | ) | |
| JUDGE REEVE KELSEY, *et al.*, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondents. | ) | |

*Pro se* petitioner Charles Tingler ("Tingler") seeks a Writ of Habeas Corpus under 28 U.S.C. § 2254 challenging the conditions of his community control sanctions imposed by the Ottawa County Court of Common Pleas, Case No. 2021-CR-092. (Doc. 1.) With his petition, Tingler has filed a motion to proceed *in forma pauperis*. (Doc. 2.) The Court GRANTS that motion. For the reasons stated below, however, the Court DENIES the habeas petition and DISMISSES the action.

Promptly after the filing of a petition for a writ of habeas corpus, a federal district court must undertake a preliminary review of the petition to determine "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in the district court. Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254. If so, the petition must be summarily dismissed. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (the district court has a duty to "screen out" habeas corpus petitions that lack merit on their face). No response is necessary where a petition is frivolous, obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a response. *Id.* The principle of liberal construction generally afforded *pro se* pleadings applies to habeas petitions. *See Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001).

A federal district court may entertain a habeas petition filed by a person in state custody only on the ground that he or she is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). But before a federal court will review the merits of a petition for a writ of habeas corpus, a person must exhaust his or her state remedies. *Manning v. Alexander*, 912 F.2d 878, 880-81 (6th Cir. 1990) (citing 28 U.S.C. § 2254(b), (c)); *see also Rose v. Lundy*, 455 U.S. 509, 522 (1982)).

Exhaustion is fulfilled once a state supreme court provides a convicted person a full and fair opportunity to review his claims on the merits. *Manning*, 912 F.2d at 881 (citing *Justices of Boston Mun. Court v. Lydon*, 466 U.S. 294, 302-03 (1984)). Exhaustion requires a petitioner to "fairly present" the claim "to the state courts, including the state court of appeals and the state supreme court." *Bray v. Andrews*, 640 F.3d 731, 734-35 (6th Cir. 2011) (quoting *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009)); *see O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). To fairly present a federal claim, a petitioner must present the state courts with "both the legal and factual basis" for the claim. *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citation omitted); *Williams v. Mitchell*, 792 F.3d 606, 613 (6th Cir. 2015). The petitioner bears the burden of establishing that he has properly and fully exhausted his available state court remedies with respect to his habeas claims for relief. *See Nali v. Phillips*, 681 F.3d 837, 852 (6th Cir. 2012) (citing *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994)).

Here, Tingler has not demonstrated exhaustion. Although Tingler states the sentencing court failed to issue a final appealable order, which prevents his state court exhaustion, the Court's review of the Ottawa County Court of Common Pleas docket reveals Tingler's case remains pending until all matters are resolved in an appeal filed by Tingler in Case No. 2025-OT-A 013A in the Sixth District Court of Appeals. *See State of Ohio v. Tingler*, Case No. 2021-

CR-092A (Docket Entry 3/24/25 Ottawa County C.P.) (noting resolution of the case is continued). Because Tingler has not given the state courts a fair opportunity to consider the merits of the claims he has presented in this petition, he has not properly exhausted his state court remedies.

Accordingly, the Court DENIES the Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 and DISMISSES the action WITHOUT PREJUDICE pursuant to Rule 4 of the Rules Governing Section 2254 cases. Further, the Court certifies, under 28 U.S.C. § 1915(a)(3), that an appeal could not be taken in good faith.

**IT IS SO ORDERED.**

Date: April 4, 2025

_____
BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE